

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Jackson v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jackson v. Sherman" (2008). *2008 Decisions.* Paper 1569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-69 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1493

_____

GRADY JACKSON,

Appellant

v.

WARDEN JAMES SHERMAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-CV-00272E)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2007

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed February 20, 2008 )

_____

OPINION

_____

PER CURIAM

Grady Jackson appeals from an order of the United States District Court for the

Western District of Pennsylvania, denying his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  As no substantial question is presented by the appeal, we

will summarily affirm the District Court's judgment.

When reviewing the denial of a § 2241 petition, we conduct plenary review of a district court's legal conclusions and review the court's factual findings for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). Jackson, currently a federal prisoner, was shuttled between state and federal custody from February 1993 until September 22, 2004, when he was paroled to a federal detainer. In his petition, Jackson claimed that he was in the primary custody of federal authorities during this time, and that he should receive credit on his federal sentence from February 1993 to September 2004. The Magistrate Judge determined that Pennsylvania authorities obtained primary jurisdiction over Jackson on February 10, 1993, that Jackson remained primarily in state custody until his release on parole in September 2004, and that he was only "on loan" to federal authorities for prosecution and sentencing.[1] We have reviewed the record, and we find that the District Court's findings are not clearly erroneous.

For the foregoing reasons, we will therefore affirm the District Court's judgment.

---

[1] The District Court adopted and approved the Magistrate Judge's Report and Recommendation.